## Case No. 5,858.

### GUIDET v. BROOKLYN.

[3 Ban. & A. 291;[1] 13 O. G. 773.]

Circuit Court, E. D. New York. May 15, 1878.[2]

#### PATENTS—NOVELTY.

Letters patent No. 58,407, dated October 2, 1866, granted to Charles Guidet for Belgian pavement: *Held*, to be invalid for want of novelty.

[See note at end of case.]

[This was a bill in equity by Charles Guidet for the alleged infringement of reissued letters patent No. 4,106, granted to the complainant, August 23, 1870, the original patent having been dated January 12, 1869.]

G. Harding and W. H. Field, for complainant.

G. Gifford, W. C. De Witt, and W. C. Witter, for defendant.

BLATCHFORD, Circuit Judge. I think the evidence shows that the pavements which were laid down in Rochester and Buffalo, prior to the date of the plaintiff's alleged invention of what is covered by the claim of his patent, contained the substance and principle of the pavements laid down by the defendant, and alleged to infringe such claim, as respects all the points of such infringement. Whatever difference there is, is one of degree, finish and quality of stone, and not of structure or principle of arrangement, either as respects the stone blocks themselves or the pavement composed of them. The bill is dismissed with costs.

[NOTE. The syllabus of this case states that patent No. 58,407, granted October 2, 1866, is void for want of novelty. From the decree dismissing the bill an appeal was taken to the supreme court. The transcript of record filed in the office of the clerk of the supreme court contains a copy of Judge Blatchford's opinion, given above, and also shows, by the decree and other papers filed, that the suit was for the infringement of reissued letters patent No. 4,106, granted August 23, 1870, to Charles Guidet, original patent having been granted January 12, 1869. The decree dismissing the bill was affirmed, Mr. Chief Justice Waite delivering the opinion, upon the ground that the evidence shows clearly that pavements made of blocks

of stone, broken into the form of parallelopipeds, and set on edge with the ends parallel to the street and the other sides across it, were in use long before the day of Guidet's invention. He simply carried forward the old idea, doing what had substantially been done before, but with better results. The change was only in degree, and, consequently, not patentable. Hence it was held that the reissued patent could not be sustained. 105 U. S. 550.]